**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| HASSAN RA EL, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:19-CR-0245-WMR-CMS-1 |
| UNITED STATES, | : | |
| Respondent. | : | CIVIL FILE NO. |
| | : | 1:21-CV-2296-WMR-CMS |

**UNITED STATES MAGISTRATE JUDGE'S ORDER**
**AND FINAL REPORT AND RECOMMENDATION**

Movant has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his

federal sentence entered under the above criminal docket number.  The matter is

before the Court on the § 2255 motion [Doc. 57], Respondent's response [Doc. 61],

Movant's motion for an evidentiary hearing [Doc. 62], and Movant's reply to

Respondent's response [Doc. 63].  For the reasons discussed below, Movant's motion

to vacate, Movant's motion for an evidentiary hearing, and a certificate of

appealability are due to be denied.

I.     **Background**

In July 2019, for crimes committed in or about January 2014 through March

2018, the grand jury for the Northern District of Georgia charged Movant with wire

fraud, counts one through thirteen, and mail fraud, counts fourteen through eighteen. [Doc. 1].  On January 15, 2020, Movant, represented by Bryan Howard,[1] pleaded guilty to one count, count fourteen for mail fraud.  [Doc. 23; Doc. 23-1; Doc. 52].

On June 3, 2020, the Court imposed on Movant, again represented by Howard, a 167-month term of imprisonment and ordered restitution in the amount of $5,510,001.00.  [Docs. 30, 31, 53].  Movant filed a notice of appeal, and the Court appointed the Federal Defender Program to represent Movant on appeal.  [Docs. 32, 45].  Movant subsequently filed a motion to voluntarily dismiss his appeal, and it was dismissed on November 18, 2020.  [Doc. 54].

On June 2, 2021, Movant filed the instant § 2255 motion.  [Doc. 57].  Therein, Movant raises ineffective assistance of plea/sentencing counsel for (1) failing to furnish Movant with a copy of the plea agreement, (2) failing to furnish Movant with a copy of the presentence investigation report (PSR), (3) failing to investigate a state probation violation and Movant's criminal history, (4) failing to investigate Movant's federal case, (5) failing to file any pretrial motions, (6) failing to object to relevant

---

[1] Alejandro Arca also filed an appearance stating that he represented Movant. [Doc. 17].

conduct, (7) failing to provide discovery to Movant, (8) failing to file an appeal or appeal Movant's sentence, (9) inducing Movant to plead guilty, and (10) failing to request an evidentiary hearing.  [Id. at 4, 15-19].

## II.   Legal Standards

### A.   Standard under 28 U.S.C. § 2255

Section 2255 of Title 28 allows a district court to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack.  28 U.S.C. § 2255.  Collateral relief, however, is limited.  "Once [a] defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted," United States v. Frady, 456 U.S. 152, 164 (1982), and it is the movant's burden to establish his right to collateral relief, Rivers v. United States, 777 F.3d 1306, 1316 (11th Cir. 2015).  Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice."  Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (quoting Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988)).   A

constitutional claim of ineffective assistance of counsel, which generally cannot be fully litigated on direct appeal, is properly raised on collateral review in order to allow for adequate development and presentation of relevant facts. Massaro v. United States, 538 U.S. 500, 505-09 (2003).

"The district court is not required to grant a petitioner an evidentiary hearing if the § 2255 motion 'and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Rosin v. United States, 786 F.3d 873, 877 (11th Cir. 2015) (quoting § 2255(b)). Based on the record in this case, Movant is not entitled to an evidentiary hearing. Movant's motion for an evidentiary hearing – which briefly lists his central contentions and states in a conclusory manner that his motion to vacate detailed facts thereon that warrants a hearing – does not show otherwise. [See Doc. 62 at 1-2].

## B. **Ineffective Assistance of Counsel Standard**

Movant raises ineffective assistance of counsel to which Strickland v. Washington, 466 U.S. 668 (1984), applies. A criminal defendant possesses a Sixth Amendment right to "reasonably effective" legal assistance. Id. at 687. To show constitutionally ineffective assistance of counsel, a petitioner must establish that (1) counsel's representation was deficient and (2) counsel's deficient representation

4

prejudiced him.  Id. at 690-92.  Under the first prong, a petitioner must show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."  Id. at 690.  "Because we presume counsel was competent, [the petitioner] 'must establish that no competent counsel would have taken the action that his counsel did take.'"  Dell v. United States, 710 F.3d 1267, 1281 (11th Cir. 2013) (quoting Chandler v. United States, 218 F.3d 1305, 1315 (11th Cir. 2000) (*en banc*)).  Under the second prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Strickland, 466 U.S. at 694.  The habeas petitioner has the burden of affirmatively proving prejudice, and a "conceivable effect" on the proceedings does not show prejudice.  Wood v. Allen, 542 F.3d 1281, 1309 (11th Cir. 2008) (quoting Strickland, 466 U.S. at 693)).  The Court may resolve an ineffective assistance claim based on either prong.  Pooler v. Sec'y, Fla. Dep't of Corr., 702 F.3d 1252, 1269 (11th Cir. 2012).

III.  **Discussion**

A.  **Claims One, Five, and Nine, Counsel's Assistance Prior to and Related to Guilty Plea**

1.  **Additional Background**

On January 15, 2020, Movant entered into a plea agreement in which he agreed to plead guilty to one of the eighteen counts with which he had been charged.  [Doc. 23-1 at 1].  Movant agreed that he gave up all rights to pursue any affirmative defenses, Fourth or Fifth Amendment claims, and other pretrial motions that could have been filed.  [Id. at 2].  Movant agreed that relevant conduct would be considered in determining restitution and his sentence.  [Id. at 3, 5].  For its part, the government, among other things, agreed that it would dismiss all remaining counts against Movant and that, with certain exceptions, it would recommend a guideline adjustment based on acceptance of responsibility.  [Id. at 5].  Movant signed the plea agreement and stated that he had read it and carefully reviewed every part of it with his attorney. [Id. at 12-13 (pages 13 and 14 of the plea agreement)].[2]

─────────────────────

[2] The copies of the plea agreement [Doc. 23-1, 61-3] do not include page nine of the agreement (which was reviewed at the plea hearing to include Movant's agreement to not sell or hide certain assets and to cooperate in regard to investigation

At the plea hearing, Movant confirmed to the Court that he had signed the plea agreement.  [Doc. 52 at 3].  Under oath, Movant affirmed that he understood the trial rights that he was giving up by pleading guilty.  [Id. at 7-10].  Upon listening to the government's *thorough* and on-the-record summary of the plea agreement,[3] Movant affirmed that he agreed with the government's description thereof.  [Id. at 10-17]. Movant also affirmed under oath that no one had made him any promises, other than the plea agreement, to induce him to plead guilty; that no one had threatened or forced him to plead guilty; and that he had received sufficient time to discuss the matter fully with counsel.  [Id. at 18-20].  After the government reviewed the elements of the crime and the factual basis for the plea and after Movant agreed that he was in fact guilty of the charges in count fourteen, the Court found a basis for the plea.  [Id.

------

pertaining to forfeiture/restitution).  [See Doc. 52 at 15].  Thus, the cm/ecf page numbering is off by one after page eight of the agreement.

[3] The government, among other things, stated that Movant "understands that the Probation Office and the Court may still consider the conduct underlying the dismissed counts in determining relevant conduct under the Sentencing Guidelines[.]" The Court, in discussing restitution, clarified that relevant conduct also could include everything alleged in the indictment as well as non-charged conduct and asked Movant several times whether he understood.  [Doc. 52 at 12-14].  Movant stated, four times, that he understood.  [Id. at 12-14].

7

at 20].  The Court found "that the offer of the plea of guilty of this defendant to Count 14 in the indictment has a factual basis, that it is free of any coercive influence of any kind, it is voluntary, and made with full knowledge of the charge against him and the consequences of his plea of guilty."  [Id. at 36].  The Court accepted the guilty plea and adjudged Movant guilty.  [Id.].

## 2.   **Parties Arguments**

In seeking relief under § 2255, Movant contends that counsel was ineffective for (1) failing to furnish him with a copy of the plea agreement or properly advise Movant on the plea agreement and inducing him to sign an unreviewed plea agreement, (5) convincing him to plead guilty without filing any meaningful pretrial motions (relying on the government's version of the facts and not reasonable investigation of his own), and (9) inducing him to plead guilty by stating that he would receive 180 years and would be "screwed" (if he did not plead guilty).[4]  [Doc. 57 at 4, 13, 15, 16].

---

[4] In regard to counsel's alleged failure to provide him with a copy of the plea agreement, Movant relies on United States v. Busse, 814 F. Supp. 760 (E.D. Wis. 1993), which is unhelpful to Movant (1) because it is non-binding authority from a district court that is outside the Eleventh Circuit and (2) because it involves a situation

Respondent argues that Movant's ineffective assistance claims based on counsel allegedly inducing him to plead guilty and failing to provide him a copy of the plea agreement fail because Movant's claim of inducement is contrary to his statements under oath. [Doc. 61 at 13-19]. Respondent also asserts that Movant fails to show prejudice, i.e., he does not show that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial or that a decision to reject the plea would have been rational in the circumstances. [Id. at 20].

In reply, Movant repeats that he did not receive a copy of the plea agreement or have it properly explained to him and contends that counsel induced him to plead guilty by advising him to plead guilty to count fourteen – "mail fraud in the amount of $100,000.00 and nothing more[.]" [Doc. 63 at 1-3, 17]. Movant admits that there

---

where the movant showed prejudice based on his counsel's incorrect advice, which resulted in the movant rejecting a plea offer (of which he never received a copy). Id. at 764. The circumstances in Movant's case are different as he *accepted* the plea offer, which he stated under oath that he fully read.

Movant also asserts, briefly, that counsel was ineffective for not requesting an evidentiary hearing during the change of plea hearing. [Doc. 57 at 18]. Movant makes no viable or concrete showing on what the content or outcome of such hearing would have been or that there is a reasonable probability that it would have changed the outcome in regard to Movant's decision to plead guilty. This matter is not further addressed.

9

was a discussion in open court at the plea hearing of the plea agreement in regard to the use of relevant conduct at sentencing but contends that, at that point, it was "too late" as he had already signed the plea agreement, "along with a blank (pg) now known as page (14)."[5]  [See id. at 2-3].  Movant states, "if in fact Movant would have received and read the entire copy of [the] plea agreement[,] Movant would have discover[e]d many of the hidden critical parts of [the] plea that were not discussed. Movant would not have signed this plea."  [Id. at 3].  Other than his mention of the plea agreement's treatment of relevant conduct, Movant does not describe with particularity any additional "critical parts" of the plea agreement of which he was allegedly unaware.  [Id. at 2-5].  In complaining that counsel failed to file any pretrial motions as he stated he would, Movant states that he does not know what motions were at issue.  [Id. at 12].

### 3.    Law and Recommendation

A motion to vacate under § 2255 movant must "(1) specify all the grounds for relief available to the moving party; (2) state the facts supporting each ground . . . ."

---

[5] The Court finds Movant's assertion – that page fourteen of the plea agreement was blank when he signed it – is not credible.  [See Doc. 23-1 at 13].

10

Rule 2(b)(1)&(2), Rules Governing Section 2255 Proceedings for the United States District Courts.  The respondent's response, if required by the court, "must address the allegations in the motion [to vacate,]" and the movant "may file a reply to the respondent's answer or other pleading."  Rule 5(b)&(c), Rules Governing Section 2255 Proceedings. Typically, under this framework, new factual allegations are not properly raised for the first time in a reply and need not be addressed.  See Hernandez-Esquivel v. Castro, No. 5-17-CV-0564-RBF, 2018 WL 3097029, at *11 (W.D. Tex. June 22, 2018) (stating that a petitioner typically cannot raise new assertions for the first time in a reply, which leaves the government without a meaningful opportunity to respond); Auvenshine v. Davis, No. 4:17-CV-294-Y, 2018 WL 2064704, at *4 (N.D. Tex. May 3, 2018) ("[N]ew legal theories and/or factual issues raised for the first time in a reply brief need not be considered on federal habeas review."); Foster v. Sec'y, DOC, No. 2:12-CV-128-FTM-38CM, 2015 WL 518807, at *7 (M.D. Fla. Feb. 9, 2015) (finding that additional facts and argument raised by the habeas petitioner for the first time in his reply should not be considered); see also United States v. Sangs, 31 F. App'x 152, 2001 WL 1747884, at *1 (5th Cir. Dec. 11, 2001) (affirming, in § 2255 proceedings, district court's refusal to consider issue raised for the first time in reply to government's answer-response); United States v. Cervantes,

11

132 F.3d 1106, 1111 (5th Cir. 1998) (district court does not abuse its discretion in refusing to consider new issues raised in a section 2255 reply brief after the government filed its response).

To succeed on a claim that a guilty plea was obtained in violation of the Sixth Amendment right to counsel, a movant must show that "(1) counsel's advice was deficient; and (2) 'but for counsel's errors, [there is a reasonable probability that] he would not have pleaded guilty and would have insisted on going to trial.'" Lynch v. Sec'y, Fla. Dep't of Corr., 776 F.3d 1209, 1218, 1229 (11th Cir. 2015) (quoting Hill v. Lockhart, 474 U.S. 52, 58-59 (1985)).  In considering the validity of a guilty plea, "the representations of the defendant, his lawyer, and the prosecutor at [a guilty plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.  Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977); Connolly v. United States, 568 F. App'x 770, 771 (11th Cir. 2014) (same).  Further, a petitioner's bare allegation that he or she would not have pleaded guilty is insufficient to establish prejudice.  United States v. Campbell, 778 F.2d 764, 768 (11th Cir. 1985), abrogated on other grounds, Padilla v. Kentucky, 559 U.S. 356, 365-66 n.9 (2010); Roach v. Roberts, 373 F. Appx' 983, 985 (11th Cir. 2010) ("We

12

have stated that a petitioner's bare allegation that he would not have pleaded guilty is insufficient to establish prejudice under Strickland."). "[A] petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." Padilla, 559 U.S. at 372. "If [the movant] cannot establish both that counsel misadvised him and that a decision not to plead guilty would have been rational, his claim that his guilty plea was not knowing and voluntary due to counsel's ineffectiveness will fail." Jackson v. United States, 463 F. App'x 833, 835 (11th Cir. 2012).

As to claim five, Movant agreed that he gave up all rights to pursue any affirmative defenses, Fourth or Fifth Amendment claims, and other pretrial motions that could have been filed. [Doc. 23-1 at 2]. Further, in his motion to vacate, Movant does not show what viable pretrial motions counsel should have filed or demonstrate that there was a viable motion that counsel could have filed that would have had a reasonable probability of changing his plea decision or the outcome. Claim five fails.

Movant also does not show that counsel was ineffective in regard to claims one and nine. Any contention that counsel threatened or forced him to plead guilty is affirmatively contradicted by Movant's testimony under oath that no one had made him any promises, other than the plea agreement, to induce him to plead guilty and

13

that no one had threatened or forced him to plead guilty.  [See Doc. 52 at 18-19].

Additionally, in his motion to vacate, Movant does not allege or show that, but for

counsel's alleged deficiencies, he would not have pleaded guilty, and his argument

that he would not have signed the plea agreement if he had read an entire copy of the

plea agreement, raised for the first time in his reply and leaving Respondent with no

opportunity to respond thereto, need not be considered.  See Barnes v. United States,

12-60011-CR, 2018 WL 2770171, at **11-12 (S.D. Fla. Mar. 28, 2018) (stating that

court need not consider issues raised for the first time in traverse/reply to response in

§ 2255 proceedings), report and recommendation adopted, CV 16-62416-CIV, 2018

WL 2770125 (S.D. Fla. June 8, 2018).  Further, Movant's assertion, that he would

not have signed the plea agreement if he had read an entire copy thereof, fails as it is

contradicted by the record.  Movant signed the plea agreement and stated that he had

read it and carefully reviewed every part of it with his attorney.  Additionally, during

the plea hearing, Movant was fully advised of the contents of the plea agreement, and

he continued in his decision to plead guilty.  [See Doc. 52 at 7-17].  Further, Movant

has not shown that it would have been rational in the circumstances to reject the plea

offer – Movant would have exposed himself to convictions on all eighteen counts

and would have lost the government's agreement to recommend an acceptance-of-responsibility adjustment to his guidelines calculation.

**B.     Claim Two, Counsel's Assistance in Providing a Copy of PSR**

In claim two, Movant argues that counsel was ineffective for failing to furnish Movant with a copy of the PSR or accurately advise Movant thereon. [Doc. 57 at 4, 15(D.)].

Respondent argues that counsel was not ineffective as Federal Bureau of Prison policy does not allow a defendant to possess his own copy of his PSR and that, assuming arguendo, counsel did not properly review the PSR with Movant, Movant fails to show prejudice. [Doc. 61 at 20-22]. Movant replies that Respondent has not shown that counsel discussed the entire PSR with Movant and appears to contend that the failure (1) caused the loss amount to be based on "contracts not created by Movant," victim conduct that was not "coached" by Movant, and funds sent by victims to accounts not owned by Movant; (2) caused Movant not to be able to address properly inaccuracies on his state probation; and (3) caused Movant not to be able to address properly inaccuracies on the number of victims. [Doc. 63 at 7-8].

Movant's sentencing challenges to his criminal-history/state-probation, loss amount, and number of victims are addressed below, in claims three and six. As

discussed below, Movant fails to show ineffective assistance of counsel in regard thereto.  Otherwise, Movant does not (1) set forth a viable objection that he would have presented if counsel had provided him with a copy of the PSR or properly discussed it with him and (2) show that there is a reasonable probability that such objection would have changed the outcome.  See Silvestri v. United States, 00 CR. 1118 (JSR), 2009 WL 10676433, at *7 (S.D.N.Y. Nov. 20, 2009) (finding that, even if the petitioner could show counsel was deficient in failing to provide him with a copy of the PSR, his claim failed because he did not show prejudice, also noting that the petitioner could have spoken out at sentencing but chose not to).  The Court also observes that, as in Silvestri, Movant, although given an opportunity to speak to the Court during sentencing, chose not to inform the Court that he had any concern in regard to whether or not he had properly reviewed the PSR.  Id.  Claim two fails.

**C.    Claim Three, Counsel's Assistance in Investigation of State Probation and Criminal History**

The PSR assigned Movant three criminal history points for a 2006 Bartow County conviction [Doc. 36 ¶ 68]; three points for a 2006 Douglas County conviction [id. ¶ 70]; and three points for a 2009 Douglas County conviction, case number 08-CR-1114 [id. ¶ 72].  On August 17, 2009, in case number 08-CR-1114, Movant was

convicted on two counts; received a ten year sentence, with three years in prison and the remainder on probation, each count to be served consecutively (with his case set to expire on August 16, 2029); and was required to serve 300 hours of community service and pay restitution.  [Id.].  In September 2010, Movant was paroled in 08-CR-1114 and, on February 28, 2014, a probation violation warrant was issued based on Movant's failure to report, to pay restitution, and complete community service. [Id.].  On September 23, 2015, the Douglas County Superior Court ordered that the running of Movant's probated sentence in 08-CR-1114 be suspended as he had absconded and could not be found.  [Doc. 62 at 8].  The PSR in Movant's federal case assigned Movant a total criminal history score of eleven, category V, which included nine points based on the above convictions and two additional points because Movant committed his instant offense while on probation in Douglas County, Georgia, case number 08-CR-1114.  [Doc. 36 ¶¶ 73-75].

At sentencing, Movant argued for a twenty-six adjusted offense level, and the government argued for a twenty-eight adjusted offense level.[6]  [Doc. 53 at 11-12].

_____

[6] As stated further below, Movant's base offense level was seven, with an eighteen-level (Movant) or twenty-level (government) increase based on loss amount,

The Court determined that Movant's adjusted offense level was twenty-eight, with a criminal history category of V and guidelines range of 130 to 162 months. [Id. at 27]. The government asked for a 162-month sentence [id. at 42], and Movant sought a sentence for time served [id. at 58, 61]. The Court imposed a 167-month sentence and clarified that, even if it had found that a lower guidelines range applied,[7] it would have imposed a 167-month sentence. [Id. at 66, 70].

In claim three, Movant argues that counsel was ineffective for failing (1) to investigate and prove that Movant successfully concluded state probation by paying full restitution before his 2007 arrest and by completing community service in 2012[8]

---

a two-level increase based on ten or more victims, a two-level increase based on sophisticated means, and a three-level decrease for acceptance of responsibility. [See Doc. 36 ¶¶ 53-64; Doc. 53 at 11-12].

[7] If the twenty-six adjusted offense level had been applied, the guidelines range would have been 110 to 137 months for a criminal history category of V. U.S.S.G. Ch. 5, Pt. A.

[8] Movant states that his completion of 300 hours of community service is verifiable through his "position with Kingdom Works International Ministry 2011-2012" and that his paid restitution is verifiable through banking information provided to counsel. [Id. at 15]. Movant has attached exhibits, none of which include an affidavit or viable proffer in regard to his payment of restitution or community service. [See Doc. 57-1 through 57-17]. Whether or not Movant has completed the community service or paid the restitution at issue need not be resolved as Movant

and (2) to object to PSR ¶¶ 68, 70, 72,[9] causing Movant to incur an enhanced criminal history category.  [Doc. 57 at 4, 15-16(E.)].[10]

Respondent argues that Movant in his plea agreement waived his ability to challenge previous convictions[11] and that, even if counsel was deficient, Movant could not show prejudice when the Court imposed a 167-month sentence, which was less than the statutory maximum.  [Doc. 61 at 22].

In reply, Movant refers to Movant's Exhibits A through J to show that his restitution conditions were met and that his community service was completed and

---

does not show that proof on either issue would have changed the two point enhancement that he received based on his committing the instant offense while on probation in the Douglas County case number 08-CR-1114.

[9] Movant refers to PSR ¶¶ 68, 70, and 72 and states these cases "were ran [sic] concurrent." [Doc. 57 at 15].  The Court can discern no viable objection that counsel should have raised based on this contention by Movant.

[10] Movant's passing reference to a First Circuit case (in which the First Circuit discussed counsel's assistance in relation to investigating the defendant's criminal history and recommending a plea) is insufficient to raise a challenge to Movant's guilty plea based on counsel's performance in regard to Movant's criminal history. [See Doc. 57 at 15 (E.)].

[11] Movant agreed that he would not challenge any prior sentence or conviction. [Doc. 23-1 ¶ 29].

19

appears to argue that he did not violate his probation in Douglas County case 08CR01114. [Doc. 63 at 10; see Doc. 62 at 3-11].

Movant began his criminal conduct in this case in January 2014, at which time he was on probation in Douglas County case number 08-CR-1114. Movant fails to set forth a viable objection that counsel should have raised had he properly investigated. Had counsel raised the arguments that Movant now raises, there is no reasonable probability that it would have changed his sentencing outcome. Even if Movant could show that he paid restitution and completed community service in 08-CR-1114, it would not change the fact that he committed his federal fraud offenses while on probation in 08-CR-1114, which resulted in the two point addition to his criminal history score. Further, the Honorable Judge William M. Ray made it clear that he would have imposed a 167-month sentence even if Movant had been subject to a lesser guidelines range (of 110 to 137 months). See supra n.7.[12] Movant's claim three fails.

---

[12] There is no reasonable probability that the Court's decision would have been different if Movant, with an offense level of twenty-eight, had not received the extra two points on his criminal history and his criminal history category was IV, with a guidelines range of 110 to 137 months.

20

**D.    Claims Four and Six, Counsel's Assistance at Sentencing in Regard to Mitigating Evidence, Loss Amount, and Number of Victims**

The PSR assigned Movant a base offense level of seven under U.S.S.G. § 2B1.1(a)(1), for mail fraud. [Doc. 36 ¶¶ 52, 53]. The PSR assigned a twenty-level increase based on a loss amount of more than $9.5 million but less than $25 million, U.S.S.G. § 2B1.1(b)(1)(K). [Id. ¶¶ 50, 54]. The PSR also assigned a two-level increase based on the number of victims involved, more than ten, U.S.S.G. § 2B1.1(b)(2)(A)(i); a two-level increase based on the use of sophisticated means, U.S.S.G. § 2B1.1(b)(10)(C); a two-level increase based on Movant's role in the offense, U.S.S.G. § 3B1.1(c); and a three-level decrease based on Movant's cooperation, yielding a total offense level of thirty. [Id. ¶¶ 55-64]. Movant, through counsel, objected to the loss amount and argued that the majority of the money counting toward the loss amount had been returned by Movant and that uncharged co-conspirators were also responsible for the loss. [Id. ¶ 54].

Prior to sentencing, the government withdrew its position on role enhancement under U.S.S.G. § 3B1.1(c), (1) yielding a total offense level of twenty-eight (based on the government's argument that loss amount required a twenty-level increase) and (2) yielding a total offense level of twenty-six (based on Movant's argument that the

21

loss amount required an eighteen-level increase).   [See Doc. 53 at 9-12].   At sentencing, the Court stated that both parties agreed that the number of victims was ten or more, and Movant, though later given an opportunity to speak directly with the Court, did not voice any disagreement to the Court.   [Id. at 9, 32-34].   Movant, however, through counsel, argued that the loss amount should be approximately $5.5 million because there were co-conspirators who received some of the monies, the conduct ended in 2015, and the majority of the money had been returned to the victims.   [Id. at 12-16, 21-26].

In claim four, Movant contends that counsel was ineffective for failing to investigate Movant's federal case and discover mitigating evidence for sentencing. [Doc. 57 at 4, 16(F.), 17(I.)].   Movant states, "counsel's failure to investigate and discover mitigating evidence for sentencing requires an evidentuary [sic] hearing to resolve ineffective assistance of counsel."   [Id. at 16(F.)]   Movant states that there are many instances which show counsel's failure to investigate.   [Id. at 17(I.) (citing to the sentencing transcript, pages 14-17, 19-21, 25, 27, and 58); see Doc. 53].[13]   In

---

[13] Petitioner cites to the sentencing transcript but provides no argument as to what counsel should have investigated, what such investigation might have yielded, or how it might have changed the outcome.

claim six, Movant contends that counsel was ineffective for failing to object to "relevant conduct" under U.S.S.G. § 2B1.1. [Doc. 57 at 4, 16-17(H.)]. Movant appears to contest counsel's failure to object to the loss amount[14] and the number of victims involved.[15] [Id. at 16].[16] Movant contends that counsel could have proven (1) that Movant owned and controlled only four bank accounts used to defraud eight victims with an intent to defraud $5 million from 2014 through 2016; (2) that Movant did not position himself to receive any money after 2016; (3) that Movant did not create RMF Funding Group or Global Web Securities; and (4) Movant's 2009 state conviction was an entirely different transaction and conduct. [Id. at 16].

Respondent argues that Movant's claim six fails as counsel *did* object to the loss amount and that Movant also fails to show prejudice. [Doc. 61 at 23].[17]

---

[14] For a $5 million dollar loss amount, Movant would have been subject to an 18-level increase. U.S.S.G. § 2B1.1(b)(1)(J).

[15] For an offense involving ten or more victims, Movant was subject to a two-level increase. U.S.S.G. § 2B1.1(b)(2)(A)(i).

[16] Movant also states that he used sophisticated means only in regard to eight victims. [Id. at 17]. The number of victims does not change the sophisticated-means increase, and this matter is not further addressed.

[17] Respondent responds to claim four as a pre-plea claim of ineffective assistance. [Doc. 61 at 24-25]. As it appears that Movant is challenging counsel's assistance at sentencing, the Court does not Respondent's response on this matter.

23

In reply, Movant asserts (1) that counsel failed to retrieve financial documents to prove that Movant owned and controlled only four bank accounts and "that in fact 4 accounts in total did not receive or refund any victims that wired funds to accounts not owned or controlled by Movant" and (2) that investigation would have shown that "Movant only created contracts for eight victims with the intent to scheme 5,000,000 and only gained 5,000,000." [Doc. 63 at 11, 14].

Movant fails to show that counsel was ineffective for failing to object in regard to the loss amount when counsel *did*, in fact, object.  Further, Movant's conclusory assertions on what counsel *could* have proven fails to show prejudice on either claim four or six because he makes no viable proffer of mitigating evidence or other evidence on the number of victims and loss amount, which counsel should or could have presented at sentencing.  Additionally, Movant otherwise fails to show prejudice in that Judge Ray made it clear that he would have imposed a 167-month sentence even if Movant had been subject to a lesser guidelines range.

### E.   Claim Seven, Counsel's Assistance in Providing Discovery to Movant

Movant argues that counsel was ineffective for failing to provide discovery material (Movant's exhibit C) to Movant.  [Doc. 57 at 4, 14; see Doc. 57-3].

24

Respondent argues that Movant waived this claim by pleading guilty. [Doc. 61 at 24]. In reply, Movant repeats that counsel failed to provide him discovery. [Doc. 63 at 15].

At exhibit C, Movant has provided a copy of a post-sentencing, November 25, 2020 letter from Colin Garrett, Staff Attorney with the Federal Defender Program, which states that he has enclosed a copy of discovery materials for Movant. [Doc. 57-3]. Movant, however, has not indicated what was in the discovery packet or shown what matter plea or sentencing counsel should have pursued differently. Movant's conclusory assertion that he did not receive discovery is insufficient to show any prejudice to Movant, and he fails to show that counsel was ineffective.

## F.   Claim Eight, Counsel's Assistance in Filing an Appeal

On June 11, 2020, the criminal judgment against Movant in this case was entered. [Doc. 31]. Movant filed a timely *pro se* appeal, and on August 28, 2020, the Court appointed counsel to represent Movant on appeal. [Docs. 32, 45]. On November 18, 2020, the Eleventh Circuit Court of Appeals granted Movant's motion to voluntarily dismiss his appeal. [Doc. 54].

Movant contends in claim eight that counsel was ineffective for failing to file an appeal. [Doc. 57 at 4]. Movant states that he asked Howard to file a notice of

25

appeal, and he said no, which was ineffective; that Movant filed a direct appeal; and that his direct appeal was withdrawn by Garrett, with whom Movant agreed.  [Id. at 14].

Respondent argues that this claim fails as Movant filed a notice of appeal and voluntarily dismissed it.  [Doc. 61 at 22].  Movant replies but does not provide anything that requires further discussion.  [Doc. 63 at 16].

This claim fails as Movant cannot show that he was prejudiced by Howard's failure to file a notice of appeal.

G.   **Claim Ten, Counsel's Failure to Request Evidentiary Hearing at Sentencing**

Movant argues that counsel was ineffective for failing to request an evidentiary hearing at sentencing.  [Doc. 57 at 4, 18(J.)].[18]  Movant does not indicate what the evidentiary hearing would have revealed or show that it would have had a reasonable probability of changing the outcome at sentencing.

---

[18]  The Court earlier addressed Movant's brief reference to counsel's failure to request an evidentiary hearing in relation to his guilty plea.  See supra n.4

26

**IV.** **Certificate of Appealability (COA)**

Under Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  The Court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Melton v. Sec'y, Fla. Dep't of Corr., 778 F.3d 1234, 1236 (11th Cir. 2015) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

The undersigned recommends that a COA should be denied because it is not reasonably debatable that Movant fails to show that he is entitled to collateral relief. If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."  Rule 11(a), Rules Governing § 2255 Proceedings for the United States District Courts.

**V.**   **Conclusion**

For the reasons stated above,

**IT IS RECOMMENDED** that Movant's motion to vacate, set aside, or correct his federal sentence [Doc. 57] and a certificate of appealability be **DENIED**.

**IT IS ORDERED** that Movant's motion for an evidentiary hearing [Doc. 62] is **DENIED**.

The Clerk of Court is **DIRECTED** to withdraw the referral of this § 2255 motion from the assigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this 8th day of December, 2021.

CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE

28