IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HASSAN RA EL,<br><br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CRIMINAL ACTION NO.<br>1:19-cr-00245-WMR-CMS-1<br><br>CIVIL ACTION NO.<br>1:21-cv-02296-WMR-CMS |

## ORDER

In July 2019, Hassan Ra El ("Movant") was charged with over a dozen counts of wire fraud and five counts of mail fraud. [Doc. 64 at 1–2.] On January 15, 2020, Movant, represented by counsel, pled guilty to one count of mail fraud. [*Id.* at 2.] On June 3, 2020, this Court sentenced Movant, represented by the same counsel, to a term of imprisonment for 167 months and ordered restitution in the amount of $5,510,001. [*Id.*] Movant filed a notice of appeal, but subsequently voluntarily dismissed his appeal. [*Id.*] In June 2021, Movant filed the present 28 U.S.C. § 2255 motion, which asserts that counsel provided ineffective assistance of counsel in 10 different ways. [*Id.* at 2–3.] Movant also requests an evidentiary hearing. [*Id.* at 1.]

In the final report and recommendation ("R&R"), the Magistrate Judge recommended that the Court deny Movant's Section 2255 motion and request for an

evidentiary hearing and also deny a certificate of appealability. [*Id.* at 28.] The Magistrate Judge first found that Movant failed to show what viable pretrial motions counsel should have filed, so he could not show ineffective assistance in that way. [*Id.* at 8, 13.] As for Movant's two claims that he was induced into signing the plea agreement and pleading guilty, the Magistrate Judge noted that such claims were "affirmatively contradicted" by his own testimony under oath and that, in any event, he did not show that, but for the alleged deficiencies, he would not have pled guilty. [*Id.* at 8, 13–15.]

Next, even assuming counsel did not adequately review the presentence report with Movant, the Magistrate Judge noted that Movant did not set forth a viable objection to the presentence report he would have made, let alone that such objection would have changed the outcome. [*Id.* at 15–16.] Regarding Movant's claim that counsel supposedly failed to investigate his criminal history, the Magistrate Judge determined that Movant did not set forth a valid objection that should have been raised and that there was not a reasonable probability that any objection would have changed his sentencing outcome, as this Court made clear that it would have imposed the same sentence even if a lower guidelines range applied. [*Id.* at 16–20.]

For two claims regarding counsel's purported failure to investigate and object to the loss amount and the number of victims, the Magistrate Judge observed that counsel did in fact object to the loss amount, Movant did not show what counsel

2

should or could have presented at sentencing, and there was no prejudice because this Court would have imposed the same sentence even if a lower guidelines range applied. [*Id.* at 21–24.] With respect to a claim that counsel failed to provide discovery material, the Magistrate Judge found that Movant failed to show what discovery he did not receive, let alone what matters counsel should have pursued differently. [*Id.* at 24–25.]

Next, the Magistrate Judge rejected Movant's argument that counsel was ineffective by failing to file a notice of appeal, as Movant filed an appeal and later voluntarily dismissed the appeal, so he could not show prejudice. [*Id.* at 25–26.] Finally, regarding Movant's claim that counsel was ineffective by failing to request an evidentiary hearing, the Magistrate Judge found that Movant did not indicate what the hearing would have revealed or show that the hearing would have changed the outcome. [*Id.* at 26–27.]

Separately, the Magistrate Judge determined that Movant was not entitled to an evidentiary hearing on his Section 2255 motion because the motion and the record conclusively showed that he was entitled to no relief. [*Id.* at 4.] The Magistrate Judge also recommended denying a certificate of appealability because reasonable jurists would not debate the denial of the Section 2255 motion and thus Movant cannot make a substantial showing of the denial of a constitutional right. [*Id.* at 27.]

In reviewing the R&R, this Court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, if no party files an objection, the Court reviews the R&R for clear error. *See, e.g.*, *Hawbaker v. Dix*, 499 F. Supp. 3d 1244, 1246 & n.1 (N.D. Ga. 2020). Here, no objections to the R&R have been filed,[1] so clear-error review applies.

After considering the R&R and reviewing it for clear error, the Court hereby receives the R&R [Doc. 64] with approval and adopts its recommendation as the opinion and order of the Court. Accordingly, Movant's Section 2255 motion [Doc. 57], Movant's request for an evidentiary hearing [Doc. 62], and a certificate of appealability are all **DENIED**. The Clerk is **DIRECTED** to close Civil Action Number 1:21-cv-02296-WMR-CMS.

**IT IS SO ORDERED**, this 15th day of March, 2022.



WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE

---

[1] Movant requested an extension of time to object to the R&R [Doc. 66], and the Court granted the extension and gave Movant until January 30, 2022, to file his objections [Doc. 67]. That deadline has passed, and Defendant has not filed any objections.